UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| OLIVIA J. COOLEY<br>    Plaintiff<br><br>v.<br><br>KEYBANK, N.A.<br>    Defendant | CIVIL ACTION NO.<br><br><br>TRIAL BY JURY DEMANDED<br><br>AUGUST 9, 2017 |

COMPLAINT

## I. INTRODUCTION

1. This is a suit brought by a consumer under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Connecticut Creditor's Collections Practices Act, Conn. Gen. Stat. § 36a-645 *et seq.* ("CCPA") and for conversion against KeyBank, N.A.

## II. PARTIES

2. Plaintiff, Olivia J. Cooley ("Cooley"), is an individual and a consumer residing in Stamford, Connecticut.

3. Defendant, KeyBank, N.A. ("KeyBank"), is a national bank with headquarters in Cleveland, Ohio and is also a furnisher of information to consumer reporting agencies as defined by the FCRA, 15 U.S.C. § 1681s. KeyBank is a successor in interest to First Niagara Bank.

## III. JURISDICTION

4. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e). Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

1

5.      This court has jurisdiction over KeyBank because it is registered to do business in Connecticut and regularly conducts business in this state, including the transaction subject to the instant suit.

6.      Venue in this court is proper because the Plaintiff resides in Connecticut and the claims involve a transaction that occurred in Connecticut.

## IV.     FACTUAL ALLEGATIONS

7.      In June 2016, Cooley purchased a 2013 Nissan Altima (the "Vehicle") from Harte Family Motors pursuant to a retail installment sales contract (the "Contract").

8.      As part of the transaction, Cooley purchased a GAP Addendum, which modified the Contract so that, in the event the Vehicle was declared a total loss, Harte Family Motors or its assignee would accept Cooley's insurance proceeds in full satisfaction of the amount owed on Contract.

9.      Harte Family Motors assigned the Contract to First Niagara Bank.

10.     On July 30, 2016, the Vehicle was declared a total loss after being involved in an accident.

11.     Despite its knowledge of the GAP Addendum, First Niagara sent Cooley a letter on or around August 15, 2016 stating that she was required to continue making payments on the Contract not withstanding the receipt of insurance proceeds.

12.     Cooley complied with the demand of this letter for fear of the impact on her credit and made monthly payments totaling $1,631.92 through January 2017.

13.     Additionally, KeyBank improperly seized approximately $262 from a checking account maintained by Plaintiff at KeyBank and applied it to a claimed debt that, by reason of the GAP Addendum, is not owed.

14. Cooley stopped making payments approximately February 2017, and although Cooley did not owe any money on the Contract, KeyBank reported the account delinquent and furnished the derogatory information to the three major Credit Reporting Agencies (CRAs) Equifax, Trans Union and Experian in March 2017.

15. In April 2017, Plaintiff obtained her credit reports from the three Credit Reporting Agencies (CRAs), Experian, Equifax and TransUnion and discovered that KeyBank was reporting a delinquency on the account for the Vehicle.

16. On May 2, 2017, Cooley sent dispute letters to all three CRAs disputing the reporting by KeyBank's delinquency, as it had breached the GAP Addendum. Cooley requested that the CRAs conduct an investigation of this trade line.

17. The CRAs contacted KeyBank and requested that it conduct an investigation of the debt and on information and belief attached Cooley's dispute letter informing KeyBank of its breach of the GAP Addendum.

18. KeyBank erroneously reported back on or around May 24, 2017 to the CRAs that the reporting was valid and the derogatory reporting continues.

19. On June 22, 2017, Cooley sought credit from JPMorgan Chase Bank, N.A. ("Chase Bank").

20. Cooley was denied credit from Chase Bank in whole or in part due the erroneous KeyBank trade line showing a serious delinquency on her Trans Union credit report.

21. Also on June 22, 2017, Cooley sought credit from Quicken Loans Inc. ("Quicken Loans").

22. Cooley was denied credit from Quicken Loans in whole or in part due the erroneous KeyBank trade line showing a serious delinquency on her Experian credit report.

23. In July 2017, Key Bank, without prior notice and without Plaintiff's consent, seized $262.02 from a deposit account that Plaintiff maintained with KeyBank as a purported set-off of the amounts that it improperly claimed were owed by Plaintiff.

## V.     CAUSES OF ACTION

**COUNT ONE – VIOLATION OF FAIR CREDIT REPORTING ACT**

24. KeyBank is a person as that term is defined by the FCRA, 15 U.S.C. § 1681a(b) and a furnisher of information to consumer reporting agencies as contemplated by the FCRA, § 1681s-2.

25. Pursuant to 15 U.S.C. § 1681s-2(b), upon notification from the CRAs that the information on the Cooley's consumer report was disputed as inaccurate, KeyBank had a duty to conduct an investigation with respect to the disputed information and review all relevant information provided by the CRAs.

26. Had KeyBank conducted an investigation it would realized that Cooley's GAP addendum was in place and that Cooley disputed the reporting by Key Bank.

27. KeyBank violated 15 U.S.C. § 1681s-2(b), for which a private right of action exists.

28. KeyBank is liable to Plaintiff Cooley for its negligent conduct for actual damages pursuant to 15 U.S.C. § 1681o(a)(1).

29. KeyBank is liable for its willful conduct to Plaintiff Cooley for statutory damages pursuant to 15 U.S.C. § 1681n(a)(1).

30. KeyBank is liable for punitive damages pursuant to 15 U.S.C. § 1681(a)(2).

31. KeyBank is liable for a reasonable attorney's fee pursuant to 15 U.S.C. § 1681o(a)(2).

**COUNT TWO – VIOLATION OF CCPA**

32. KeyBank violated the CCPA by failing to conduct an investigation into Plaintiff's dispute.

33. KeyBank violated the CCPA by misrepresenting the character, amount or legal status of the debt in violation of Conn. Agencies Reg. § 36a-647-6(2)(A) when it represented to Cooley that she had an outstanding balance and subsequent delinquency on her account.

34. KeyBank violated the CCPA by misrepresenting the character, amount or legal status of the debt in violation of Conn. Agencies Reg. § 36a-647-6(2)(A) when it represented to the CRAs that Cooley had a delinquency on her account.

35. KeyBank violated the CCPA by setting off funds in Plaintiff's deposit account.

36. For KeyBank's violations of the CCPA, Cooley is entitled to damages, statutory damages, attorney's fees and costs pursuant to Conn. Gen. Stat. § 36a-648.

**COUNT THREE – CONVERSION**

37. With the intention of permanently depriving Cooley her property, KeyBank has failed to return the $1,631.92 Cooley paid under the Contract when it was not owed due to the GAP Addendum.

38. Additionally, KeyBank improperly seized approximately $262.02 from Plaintiff's bank account without justification or entitlement.

39. KeyBank is liable to Plaintiff for the amounts improperly collected and seized.

### COUNT FOUR – BREACH OF CONTRACT

40. KeyBank's actions constituted a breach of the Contract, as revised by the GAP Addendum.

WHEREFORE, Plaintiff claims actual damages, statutory damages of $1,000 under the FCRA, punitive damages under the FCRA, statutory damages of $1,000 under the CCPA, attorney's fees and costs, and an order that KeyBank correct the reporting of the account to the CRA's.

          PLAINTIFF, OLIVIA J. COOLEY

          By: /s/ *Daniel S. Blinn*
              Daniel S. Blinn (ct02188)
              Consumer Law Group, LLC
              35 Cold Spring Rd. Suite 512
              Rocky Hill, CT  06067
              Tel. (860) 571-0408
              Fax. (860) 571-7457
              dblinn@consumerlawgroup.com